US DISTRICT COURT INDEX SHEET

















MNA

3:03-CR-2659 USA V. O'KEEFE

*1*

*CRDOCSEAL*

Unseal 7/29/03

SECRET

FILED

03 SEP 23 PM 3: 26

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

January 2003 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. _____ '03 CR 2659- R |
| Plaintiff, | I N D I C T M E N T |
| v. | Title 18, U.S.C., Sec. 371 - Conspiracy to Gain Unauthorized Access into Government, Agency or Protected Computers and Obtain Information for Financial Gain; Title 18, U.S.C., Secs. 1030(a)(2)(B) and (c)(2)(B)(i) - Obtaining Information Without Authorization From a Computer of a Department or Agency of the United States for Financial Gain; Title 18, U.S.C., Secs. 1030(a)(2)(B), 1030(a)(2)(C) and (c)(2)(B)(i) - Obtaining Information Without Authorization From a Protected Computer Through an Interstate Communication, for Financial Gain |
| BRETT EDWARD O'KEEFE, | |
| Defendant. | |

The grand jury charges:

INTRODUCTORY ALLEGATIONS

At all times material to this Indictment:

1.    Forensic Tec Solutions (hereinafter "Forensic Tec"), 12396 World Trade Drive, Suite 206, San Diego, California 92128, was a four person computer business, whose ostensible purpose included, but was not limited to, providing its business clients with secure and stable computer networks through consultation and technical assistance.

JNP:nlv:San Diego
9/12/03

2.   Defendant BRETT EDWARD O'KEEFE and Aljosa Medvesek were the founders and owners of Forensic Tec.

3.   Defendant BRETT EDWARD O'KEEFE was the President of Forensic Tec.

4.   Aljosa Medvesek was the Vice-President of Forensic Tec.

5.   Margaret Ann Lauffer was an unpaid administrative assistant at Forensic Tec.

6.   Matthew Arnold Davis was a Salesperson and Security Trainee at Forensic Tec.

Count 1

CONSPIRACY

7.   Paragraphs 1 through 6 of the Introductory Allegations are realleged and reasserted as if set forth in full herein.

8.   Beginning on or about January, 2002, and continuing up to and including August 16, 2002, in the Southern District of California, and elsewhere, defendant BRETT EDWARD O'KEEFE did knowingly conspire and agree with Aljosa Medvesek and Margaret Ann Lauffer (charged elsewhere), and with others known and unknown to the grand jury, to commit offenses against the United States, to wit:

a.   to intentionally access without authorization and exceed authorized access to a computer and thereby obtain information from a Department or Agency of the United States, for purposes of commercial advantage and private financial gain; in violation of Title 18, United States Code, Sections 1030(a)(2)(B) and (c)(2)(B)(i); and

//

//

//

2

1        b.    to   intentionally  access  without  authorization  and

2  exceed authorized access to a computer and thereby obtain information

3  from  a  protected  computer  which  conduct  involved  an  interstate

4  communication,  for  purposes  of  commercial  advantage  and  private

5  financial  gain;  in  violation  of  Title  18,  United  States  Code,

6  Sections 1030(a)(2)(C) and (c)(2)(B)(i).

7                    <u>OBJECT OF THE CONSPIRACY</u>

8        The  object  of  the  conspiracy  was  for  defendant  BRETT  EDWARD

9  O'KEEFE  and  his  co-conspirators  Aljosa  Medvesek  and  Margaret  Ann

10  Lauffer to obtain unauthorized access to government and private sector

11  computers  and  copy  computer  files  with  the  hope  that  this  activity

12  would  make  money  by  bringing  in  new  clients  and  creating  public

13  visibility  for  the  company.   Specifically, the defendant contemplated

14  gaining  unauthorized  access  to  government  and  military  computers,

15  copying documents from these computers and disclosing these documents

16  to the media in order to prove Forensic Tec's ability to intrude into

17  Government computers and obtain sensitive documents.   The defendant

18  hoped  that  this  would  create  public  visibility  for  Forensic  Tec  and

19  bring  in  new  clients,  ultimately  resulting  in  increased  profits.

20  Also,  the  defendant  contemplated  gaining  unauthorized  access  to

21  private  sector  computers  to  copy  information  from  these  computers,

22  which  the  defendant  would  use  to  contact  the  victim  companies  and

23  attempt  to  solicit  their  business  by  pointing  out  their  security

24  vulnerabilities.

25  //

26  //

27  //

28  //

3

It was part of the conspiracy that defendant BRETT EDWARD O'KEEFE and co-conspirators Aljosa Medvesek and Margaret Ann Lauffer (charged elsewhere) devised a scheme to use computers to intentionally access without authorization and exceed authorized access to obtain information from Military, Government and private sector computers for the commercial advantage and financial gain of their company, Forensic Tec Solutions:

1.   It was further part of the conspiracy that co-conspirators Aljosa Medvesek and Margaret Ann Lauffer scanned the internet looking for non-secure computer networks operated by private sector companies in order to find new clients.

2.   It was further part of the conspiracy that co-conspirators Aljosa Medvesek and Margaret Ann Lauffer obtained unauthorized access to these private sector computers with non-secure networks and copied a variety of documents from these computers.

3.   It was further part of the conspiracy that defendant BRETT EDWARD O'KEEFE approached these same companies and offered the services of Forensic Tec to provide security for their computer networks for a fee.

4.   It was further part of the conspiracy that co-conspirators Aljosa Medvesek and Margaret Ann Lauffer scanned the internet looking for Military or Government agencies with non-secure computer networks.

//

//

//

//

4

2 finding non-secure computer networks for Military and Government

3 agencies, co-conspirators Aljosa Medvesek and Margaret Ann Lauffer

4 obtained unauthorized access and copied a variety of documents from

5 these computers.

6          6.    It was further part of the conspiracy that co-

7 conspirators Aljosa Medvesek and Margaret Ann Lauffer attempted to

8 gain classified, top-secret and other sensitive data from military and

9 government computer networks.

10         7.    It was further part of the conspiracy that defendant

11 BRETT EDWARD O'KEEFE, in order to generate favorable publicity and

12 increased business for Forensic Tec, contacted several local and

13 national media outlets and informed them of Forensic Tec's success in

14 obtaining classified documents from Government and Military networks.

15                              OVERT ACTS

16     In furtherance of the conspiracy and to accomplish its object,

17 the following overt acts, among others, were committed within the

18 Southern District of California, and elsewhere:

19     1.    On or about January, 2002, defendant BRETT EDWARD O'KEEFE

20           and Aljosa Medvesek (charged elsewhere) formed Forensic Tec

21           Solutions, Incorporated.

22     2.    On or about May 30, 2002, defendant BRETT EDWARD O'KEEFE

23           made a phone call to an employee of Easter Seals of

24           California to solicit business for Forensic Tec.

25     3.    On or about May, 2002, defendant BRETT EDWARD O'KEEFE made

26           a phone call to an employee of the Young Presidents

27           Association of Carlsbad, California to solicit business for

28           Forensic Tec.

                                   5

5.  On or about August 16, 2002, defendant BRETT EDWARD O'KEEFE, Aljosa Medvesek and Margaret Ann Lauffer (charged elsewhere) possessed without authorization computer files belonging to the Easter Seals of Southern California.

6.  On or about August 16, 2002, defendant BRETT EDWARD O'KEEFE, Aljosa Medvesek and Margaret Ann Lauffer possessed without authorization computer files belonging to Crowne Office Suites of Atlanta, Georgia.

7.  On or about August 16, 2002, defendant BRETT EDWARD O'KEEFE, Aljosa Medvesek and Margaret Ann Lauffer possessed without authorization computer files belonging to the Young Presidents Association.

8.  On or about August 16, 2002, defendant BRETT EDWARD O'KEEFE, Aljosa Medvesek and Margaret Ann Lauffer possessed without authorization computer files belonging to National Aeronautics and Space Administration (NASA).

9.  On or about August 16, 2002, defendant BRETT EDWARD O'KEEFE, Aljosa Medvesek and Margaret Ann Lauffer possessed without authorization computer files belonging to the United States Army.

10. On or about August 16, 2002, defendant BRETT EDWARD O'KEEFE, Aljosa Medvesek and Margaret Ann Lauffer possessed without authorization computer files belonging to the United States Navy.

11. On or about August 16, 2002, defendant BRETT EDWARD O'KEEFE, Aljosa Medvesek and Margaret Ann Lauffer possessed without authorization computer files belonging to the Department of Energy.

6

12. On or about August 16, 2002, defendant BRETT EDWARD O'KEEFE, Aljosa Medvesek and Margaret Ann Lauffer possessed without authorization computer files belonging to the National Institutes of Health.

14. On or about August, 2002, defendant BRETT EDWARD O'KEEFE gave an interview to a reporter with the Washington Post regarding his company's activities in gaining unauthorized access to Government and Military computer networks.

15. On or about August 16, 2002, defendant BRETT EDWARD O'KEEFE appeared on CNN (Cable News Network) and gave an interview regarding his company's activities in gaining unauthorized access to Government and Military computer networks.

16. On or about August 16, 2002, defendant BRETT EDWARD O'KEEFE appeared on KUSI television and gave an interview regarding his company's activities in gaining unauthorized access to Government and Military computer networks.

All in violation of Title 18, United States Code, Section 371.

<u>Count 2</u>

On or about August, 2002, in the Southern District of California, defendant BRETT EDWARD O'KEEFE did intentionally access or cause to be accessed without authorization and exceed authorized access and thereby obtain information from a computer of a Department or Agency of the United States, to wit, United States Army, for purposes of commercial advantage and private financial gain; in violation of Title 18, United States Code, Sections 1030(a)(2)(B) and (c)(2)(B)(i), and Title 18, United States Code, Section 2.

//

//

7

Count 3

On or about August, 2002, in the Southern District of California, defendant BRETT EDWARD O'KEEFE did intentionally access or cause to be accessed without authorization and exceed authorized access and thereby obtain information from a computer of a Department or Agency of the United States, to wit, National Aeronautics and Space Administration, for purposes of commercial advantage and private financial gain; in violation of Title 18, United States Code, Sections 1030(a)(2)(B) and (c)(2)(B)(i), and Title 18, United States Code, Section 2.

Count 4

On or about August, 2002, in the Southern District of California, defendant BRETT EDWARD O'KEEFE did intentionally access or cause to be accessed without authorization and exceed authorized access and thereby obtain information from a computer of a Department or Agency of the United States, to wit, Department of Energy, for purposes of commercial advantage and private financial gain; in violation of Title 18, United States Code, Sections 1030(a)(2)(B) and (c)(2)(B)(i), and Title 18, United States Code, Section 2.

Count 5

On or about August, 2002, in the Southern District of California, defendant BRETT EDWARD O'KEEFE did intentionally access or cause to be accessed without authorization and exceed authorized access and thereby obtain information from a computer of a Department or Agency of the United States, to wit, United States Navy, for purposes of commercial advantage and private financial gain; in violation of Title 18, United States Code, Sections 1030(a)(2)(B) and (c)(2)(B)(i), and Title 18, United States Code, Section 2.

8

1

<u>Count 6</u>

2    On or about August, 2002, in the Southern District of California,

3 BRETT EDWARD O'KEEFE did intentionally access without authorization

4 and exceed authorized access and thereby obtain information from a

5 protected computer, to wit, computers of Crowne Office Suites of

6 Atlanta, Georgia, and the conduct involved an interstate

7 communication, for purposes of commercial advantage and private

8 financial gain; in violation of Title 18, United States Code,

9 Sections 1030(a)(2)(B), 1030(a)(2)(C) and (c)(2)(B)(i), and Title 18,

10 United States Code, Section 2.

11    DATED: September 23, 2003

12                                        A TRUE BILL:

13

14    _Daphne Williams_

15                                        Foreperson

16 CAROL C. LAM
   United States Attorney

17

18 By:  _John N. Parmley_

19    JOHN N. PARMLEY
      Assistant U.S. Attorney

20

21

22

23

24

25

26

27

28

9